## COURT OF APPEALS.

### BEALES agt. FINCH AND OTHERS.

In an action for a tort against two or more defendants, each defendant, under the amendment made to the Code in 1851, is a competent witness for his co-defendant.

In *all* actions a defendant is a competent witness for his co-defendant. His admissibility as a witness can not be questioned—but he is restricted as to the subject matter of his examination, which is, to questions tending to establish a defence of which his co-defendant can separately avail himself, and in which the witness is not *jointly interested*

Where a witness is called to the stand who is competent to be sworn and testify to some matters, but who may not speak of other matters, it is not proper to object to his competency generally and exclude him.

Upon the question of *mitigation of damages*, where the cause of action is clearly made out against all the defendants, one defendant can not be a competent witness for his co-defendants; for damages are indivisible, and the witness is therefore jointly interested with his co-defendants. If, however, in an action of tort, the case made out against the defendant who is called as a witness is a doubtful one, there is no objection to receive his testimony to mitigate damages for his co-defendants, under proper instructions to the jury, to consider it if they acquit the witness, and to reject it if they find him guilty.

*July Term*, 1854. This was an action for an assault and battery brought against three defendants. The issues were tried at the Delaware circuit in August, 1851. On the trial, each defendant was severally offered as a witness for the other defendants, but was decided to be incompetent, and excluded. An exception was taken to such decision, and a verdict was given for the plaintiff, on which judgment was entered. On appeal to the general term, the supreme court, sitting in the 6th district, affirmed the judgment; and from that decision an appeal was taken to this court. The cause was submitted on written arguments at the last January term.

A. & R. PARKER, *for Appellants.*
SAYRE & BANKS, *for Respondent.*

By the Court, PARKER, J.—This was an action for an assault and battery. On the trial at the circuit in August, 1851, the defendants were severally offered as witnesses for the other

25

defendants, but were excluded by the judge, to which decision the defendants severally excepted.

Under the late practice it was a great and acknowledged evil, that the plaintiff had it in his power, in an action for a tort, by uniting several persons in one action as defendants, to deprive each defendant of testimony to which he would have been entitled if sued separately. By such means, a plaintiff was often enabled to make out his case, and put money in his pocket, when he had, in fact, no good cause of action against the persons sued. Suppose two persons concerned in committing a battery, and a third person standing by as a chance spectator only, and taking no part in the transaction. This spectator being a disinterested witness, his testimony might be necessary to show who struck the first blow, and the two engaged might be indispensable witnesses to prove that the third person was merely a spectator and had nothing to do with the affray. Now, by suing all three together, the defendants were cut off from all such testimony, though each might have had a complete defence. The plaintiff might call as a witness, some one concerned on his side in the affray, and it would take but little testimony to make out a *prima facie* case against the spectator. A supposed look or word of encouragement was enough to make him a principal: for the law was then as it is now, that the slightest evidence against a defendant was enough to require the question, whether the defendant was properly joined, to be submitted to the jury; and as it could not be separately passed upon, it was decided by the jury too late to improve either defendant as a witness for another.

Many cases of great hardship might be supposed; but it is only necessary to state one or two more for the purpose of illustration. Suppose A had sold and delivered his horse to B, and received from him the price, no other person being present except C, who had come with B as a witness to the transaction. If afterwards A sued B & C together in trover for the horse, he could have made out a *prima facie* case, by proving he had owned and used the horse for a long time

Beales agt. Finch and others.

before, and that the defendants were seen coming together towards A's stable, and soon after going away together, B leading the horse with C's assistance. Before the Code, the defendants were not permitted, as witnesses for each other, to explain the true state of the transaction, and the plaintiff would have recovered.

Again, suppose six persons, three on a side, engaged in a personal rencontre, no other persons being present. The question to be ascertained on the trial would be, who was the first aggressor? Under the old practice one person on one side could sue all three on the other side, and call his two confederates as witnesses, and they were necessarily the only witnesses in the cause. The plaintiff in such case had the benefit of the testimony of his two associates, and neither defendant could call his co-defendant as a witness. The improbability of ascertaining the truth, under such circumstances, and the palpable injustice of excluding the defendants, are obvious. It was cruel injustice to a party to permit his adversary to disqualify his witnesses at pleasure. The law afforded a very inadequate protection to personal rights when it suffered a plaintiff to place himself in a situation to call all his own witnesses and exclude all the witnesses of the defendants. Upon principle it must be conceded, that every man ought to have the right to be tried upon his own case alone, and to avail himself of all the witnesses who have any knowledge on the subject of the controversy.

It was obviously one object of the Code to correct the evil I have pointed out, by enacting in § 397, Code of 1849, as follows: "A party may be examined on behalf of his co-plaintiff or a co-defendant; but the examination thus taken shall not be used on behalf of the party examined." The only restriction upon this right was that which excluded a party from testifying to matters in which he had a legal interest, and that is still retained. (§§ 398, 399.) This provision was generally regarded as having effected the desired change, and was almost universally acquiesced in by the courts. (8 *Barb. S. C. R.* 655; 10 *id.* 290; 5 *How. Pr. R.* 296;

4 *Sandf. S. C. R.* 616.) But even under this broad and seemingly plain provision it was held in one case that no change had been effected, and that sec. 397 was only a continuation of the equity practice, (Monson agt. Hegeman, 10 *Barb. S. C. R.* 112,) and it became necessary to come into this court to correct the erroneous construction given to the statute, which was done at April term, 1853. That decision of this court, in which it is established that, in an action for tort against two or more defendants, each defendant is a competent witness for the other defendants, is precisely in point and decisive of the case we are considering, unless the law on this point has been changed since the adoption of the Code of 1849.

The provision of the Code I have quoted was as broad as language could make it, and was, I have no doubt, applicable to every action whether for a wrong or on contract. It was even applicable to an action on a contract joint and not several, if there was any separate defence of which one of the defendants might avail himself, such as infancy, discharge in bankruptcy, &c. But as to any defence not separate, that is, for which a separate judgment could not have been rendered in favor of one defendant alone, the statute very properly excluded the testimony of a co-defendant, because, as to such a case, the witness would be interested, and therefore his testimony could not be received. Upon a joint-contract, therefore, where a defendant had no separate defence, and where the contract could not be violated by giving a several judgment, a defendant, if called as a witness, could prove nothing that would not enure to his own benefit as well as to the benefit of his co-defendant, and as to such matter he was therefore interested, and of course incompetent.

But it was decided by a majority of the supreme court in The Mechanics & Farmers' Bank agt. Rider, (5 *How. Pr. R.* 401,) that even in an action against two defendants on a contract joint and not several, each defendant might be a witness for the other, to a matter in discharge of the entire contract. This decision was made in May, 1851, and led to amending the Code in July, 1851, so that the provision in question should

Beales agt. Finch and others.

not be applicable to an action on a contract joint and not several, or in which a separate judgment could not be rendered. The 397th section as thus amended was as follows: " A party may be examined on behalf of his co-plaintiff or a co-defendant, as to any matter in which he is not jointly interested or liable with such co-plaintiff or co-defendant, and as to which a separate and not joint verdict or judgment shall be rendered." The word " shall " in the last line quoted was subsequently changed to " can," which certainly improves the reading of the sentence without materially affecting its meaning.

Though this section is not expressed in very clear terms, it seems to me there can be no doubt as to its meaning. Of course, it can be applicable only where defendants are sued jointly. There can be co-defendants in no other case : and it declares as to what matters a defendant thus sued jointly with others may be a witness for his co-defendants. It is as to a *matter* in which he is not jointly interested, and as to which a separate judgment may be rendered. He is a competent witness in all cases when sued jointly, but only as to certain matters. He may prove that his co-defendant was not present, or, if present, that he took no part in the assault and battery, or any other separate defence of his co-defendant. As to such a matter, surely he, the witness, has no interest, and cannot, therefore, be jointly interested with his co-defendant ; and as to such matter, a verdict or judgment which is separate and not joint, can be rendered, and it is therefore within the latter clause of the amendment of 1851. It is very plain, that the 397th section applies to every case of a joint and several contract, and to every tort which is always joint and several, and extends even further, viz. : to contracts joint only and not several, where one of the defendants has a separate legal defence, as may sometimes happen. Such separate defence must, of course, be some matter in which the defendant testifying is not jointly interested, and as to which a separate judgment may be rendered, such as infancy, forgery of the signature of the co-defendant, &c.

This section admits of no other construction than that I have .

given it, without utterly destroying its sense and rendering it of no effect whatever. To say that it applies only to an action in which a joint judgment cannot be rendered, would confine it to a case where there is only one defendant, for where there are two defendants, there may be a joint judgment: and it cannot mean an action where there is but one defendant, for in such case there can be no co-defendant, and the section would be inapplicable.

This court has already put a construction on this section in deciding the case of Munson agt. Hegeman, above referred to, in which Judge GARDINER said, in regard to sec. 397 in the Code of 1849: "The language is broad enough to embrace every case where there are co-plaintiffs and co-defendants; and it seems to me, that the only restriction imposed by implication is the one substantially embraced in terms in this section as amended in 1851, namely, that such party shall not be examined as to any matter in which he is jointly interested or liable with such co-plaintiff or co-defendant, and as to which a separate and not joint verdict or judgment cannot be rendered."

I entirely concur in this opinion of the learned judge, that the law on this subject is not at all changed by the amendment of 1851, and that such amendment was made only for the purpose of expressing in terms what before existed by necessary implication; and this view is fully sustained by the history of the legislation on this subject, the fact being notorious that the amendment of 1851 was adopted for the purpose of correcting what was deemed an erroneous construction put on the act in the case of the Mechanics' and Farmers' Bank agt. Rider, above cited. My reasons for deeming that construction erroneous are fully set out in the dissenting opinion in that case cited, and need not be here repeated.

In every action for assault and battery, and in all other cases of tort, a verdict and judgment may be rendered in favor of one and against another defendant; that is, in the language of the act, a verdict or judgment separate and not joint may be rendered. In such an action, then, a party may be examined for his co-defendant *as to any matter* as to which a separate and

not joint verdict or judgment can be rendered—and *as to any matter* in which he is not jointly interested or liable with such co-defendant. In all actions a defendant is a competent witness for his co-defendant. His admissibility as a witness can not be questioned,—but he is restricted as to the subject-matter of his examination. If any question be asked tending to establish a defence of which the co-defendant cannot separately avail himself, the plaintiff is at liberty to object, and the court must exclude it. Where a witness is called to the stand who is competent to be sworn and to testify to some matters, but who may not speak of other matters, it is not proper to object to his competency generally and exclude him. It will not be presumed that an improper question will be asked him. It is only by objecting to improper questions when asked, that a party can exclude improper evidence. A party having a witness upon the stand may be called upon by his adversary to state what he proposes to prove, and in that case he must state it. But he need make no such statement unless called upon to do so. It is enough for him to proceed and put his questions to the witness, unless desired to state what he expects to prove.

There are many things which the witness excluded in this case might have proved, that would have constituted a separate defence for the other defendants, and as to which the witness had no interest. He might have proved the other defendants were not present or took no part in the rencontre, or that the plaintiff struck first and that they acted only in self-defence. Any of these matters would constitute an entire and perfect defence for the other defendants for whom alone he would have testified, and would have been entirely distinct and separate from the defence of the witness. The witness might still be found guilty, and the other defendants, on his testimony, might be acquitted. So, too, the witness would have been competent to testify as to admissions of the plaintiff, or as to any personal defence arising out of subsequent transactions, such as accord and satisfaction, &c., if it had been put in issue by the pleadings. So far, at least, I had supposed the practice at the circuit to be now well settled, that a defendant might testify in behalf of

his co-defendant. But the question has arisen, and some doubt has been expressed whether a defendant when called to testify for his co-defendant, can be examined to mitigate the amount of damages as against the defendants for whom he testifies. Upon the mere question of mitigation, where a cause of action is clearly made out against all the defendants, I do not see how one defendant can be a competent witness for his co-defendant, for that is a matter as to which he is jointly interested with his co-defendant, and it is, therefore, within the exception made by the statute. He is jointly interested, because the damages are not divisible. There can be but one verdict, and for one amount against all those found guilty. In Halsey agt. Woodruff, *et al,* (9 *Pick. R.* 555,) the jury, in an action of trespass, had in their verdict erroneously assessed damages against one defendant at $2, and against the other at $75, and the court gave judgment against them for the larger sum. This was clearly right. The damages not being divisible, each defendant was liable for all the damages sustained, without regard to different degrees or shades of guilt, and he would have been liable to the same extent if sued alone.

In trespass all are principals; and if, in such an action against two persons, they be proved guilty, and the plaintiff show that he has sustained damage to $500 by their wrongful act, it would not avail one of the defendants that his co-defendant should testify, in his favor, that he had but little to do in committing the act complained of. If proved, it would not warrant any reduction of the amount of damages. Being concerned in the act, no matter to how small an extent, each defendant would be liable for the whole injury done by his confederates. Such evidence ought not, therefore, to be received. If confined in its operation to but one defendant, it would be immaterial, because it could have no legal weight; and if it had any legitimate tendency to diminish the amount of damages, it would be a matter as to which the witness was jointly interested with the other defendant, and should therefore be excluded.

If, however, the case made out against the defendant who is called as a witness is a doubtful one, I see no objection to

Beales agt. Finch and others.

receiving his testimony to mitigate damages for his co-defend-
ants, under proper instructions to the jury, to consider it if
they acquit the witness, and to reject it if they find him guilty.
As the court cannot anticipate, in doubtful cases or in cases
where there is a conflict of testimony, whether the defendant
offered as a witness will be acquitted or convicted, the course
I have suggested in such case seems to be necessary for the
protection of the rights of the other defendants.

It is said to be difficult for a jury to separate, in their
minds, the evidence given by a defendant for his co-defendant
from the other evidence, so that the witness shall not himself
be benefitted by his own testimony. This would be a proper
consideration for the legislature, but not for this tribunal. It
may be that in some cases the proper discrimination will not be
made. The same difficulty exists where a maker and endorser
are sued jointly on a promissory note, in which case precisely
the same rule of evidence prevails. But the difficulty of dis-
criminating and giving proper effect to the evidence is quite
trifling compared with the greater evil of depriving a defendant
sued with others of the same privilege of calling witnesses
enjoyed by the plaintiff.

It was, perhaps, sufficient for the purpose of deciding this
case to have discussed the question whether one defendant in
an action for *tort* can in any case be a witness for his co-
defendant; and it may have been unnecessary to inquire as to
what particulars he may be examined. But it seemed to me
appropriate to the discussion and a legitimate argument in
favor of the construction for which I contend, to show that it
secures to a defendant sued with another all of the rights of
which he had been unjustly deprived under the late practice.
His cause may now be tried so as to give him the benefit of all
or of nearly all the testimony he would have had if sued alone.
A construction that secures such a practical result is in accord-
ance with the well-settled rule of law, which requires a reme-
dial statute to be so construed, if possible, as to effectuate the
contemplated reform.

It is enough, however, that each defendant was a competent

witness in this case for his co-defendant: and the court below having erred in deciding otherwise, the judgment should be reversed and a new trial ordered.

JOHNSON, J., also read an opinion in favor of reversal, and DENIO and ALLEN, J. J., read opinions in favor of affirmance.

The judgment was reversed, Judges DENIO & ALLEN dissenting.